conclusion that the personal representative of the defendant Logan is bound to account to the surviving partner of the firm of Burgess & Secor for the fund belonging primarily to that firm. It was received by him as one of the attorneys, and no accounting was made by him to the surviving partner, who is entitled to the firm assets. As to the defendants Demond and Harby, the question of their liability to account must be determined upon the trial.

Under these conditions, it follows that the judgment appealed from must be reversed as to the defendants except the Tradesmen's National Bank, and a new trial ordered, with costs to the appellants to abide the event. All concur.

---

NEW YORK COUNTY NAT. BANK v. HERRMAN.

(Supreme Court, Appellate Division, First Department. January 19, 1912.)

1. APPEAL AND ERROR (§ 863*)—QUESTION FOR REVIEW.

Where plaintiff acquiesces in an order for a bill of particulars, and defendant appeals from an order denying his motion for a further bill of particulars, the only question presented for decision is whether the bill of particulars served is a substantial compliance with the order.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 863.*]

2. PLEADING (§ 324*)—BILL OF PARTICULARS.

Where, in a suit to recover from a contractor amounts paid to him through his fraudulent representations, the court orders a bill of particulars and decides that defendant was entitled to know what false representations plaintiff will claim he made with respect as to the amounts demanded, a bill of particulars, which jumbles labor, material, and superintendence together, and fails to specify a single item concerning which a false representation was made, is insufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 980–985; Dec. Dig. § 324.*]

Appeal from Special Term, New York County.

Action by New York County National Bank against James S. Herrman. From an order of the Special Term denying defendant's motion for a further bill of particulars, in accordance with an order for a bill of particulars, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Richard T. Greene, for appellant.
L. Laflin Kellogg, for respondent.

LAUGHLIN, J. This action is brought to recover the sum of $75,000, which it is alleged plaintiff was fraudulently induced to pay defendant under a contract made between the parties on the 27th day of April, 1906, by which plaintiff employed defendant to procure and furnish all labor, materials, and superintendence required in erecting a bank building for plaintiff at the southwest corner of Eighth avenue and Fourteenth street, according to certain plans and specifications theretofore prepared by architects, and by which plaintiff agreed to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pay defendant "the fair and reasonable and just cost of materials and labor in the manner and form as prescribed in said contract and in addition thereto 5 per cent. on the cost for superintendence." It is admitted that defendant procured and furnished all labor and material and superintendence required, and that the building has been completed according to the plans and specifications; but plaintiff alleges that at divers times between the making of the contract and the 7th day of January, 1908, the defendant, in order to obtain from plaintiff moneys to which he was not entitled and in excess of the reasonable cost or value of the labor and material furnished and in excess of the amount paid by him therefor, "falsely and fraudulently stated to the plaintiff different sums representing the reasonable cost of different items incurred by the defendant under said contract as being the true items of reasonable cost and expenditure as actually made by him, whereas in truth and in fact the said items of cost and expense so represented and stated as aforesaid by the defendant were false and untrue, and known by the defendant to be false and untrue," and that particularly on or about the 15th day of January, 1908, the defendant knowingly and with intent to deceive plaintiff and to obtain money to which he was not entitled falsely and fraudulently represented and stated to plaintiff that the just and reasonable cost of the entire building and of the expenditures under said contract, including commissions on superintendence, was the sum of $350,-718.93, whereas in truth and in fact the just and reasonable cost of said building and the work called for under said contract, including superintendence, did not exceed the sum of $275,000. Plaintiff obtained an order for the examination of the defendant before trial. The order for the bill of particulars gave plaintiff 10 days after the conclusion of the examination of the defendant within which to comply with it. After the close of the examination, plaintiff served the bill of particulars which the defendant claims is not a compliance with the order. It is so manifest that the bill of particulars served is not a compliance with the order that we do not deem it necessary to set out in detail the provisions of the order or the particulars served, and point out in each instance the omission. One or two items will fairly illustrate the manner in which the plaintiff has failed to comply with the order.

The order required that the plaintiff state the names of its representatives to whom it is claimed defendant made false and fraudulent statements, giving the times and places and the substance of each statement. The bill of particulars gives the names of three individuals and the place as plaintiff's bank, and 24 dates; and with respect to the substance of each of the false and fraudulent statements the bill of particulars merely states that some were verbal and some were in writing, that the written statements were retained by defendant and plaintiff has no copy, and that each was to the effect "that there had been earned at said time under the plaintiff's contract a sum of money largely in excess of the sum of money then demanded and provided to be paid at that time," and that the statements on January 7, 1908, were verbal and in writing, and those in

writing related to "the contract price of the several subcontracts, as to the amount of labor, and as to the amount of the incidental bills," and that "all other details of the work were there represented as true and correct," and plaintiff relying thereon paid out $19,866 "additionally and in excess of the amount already paid out in excess of the amounts due at that time." The order also required the plaintiff to give an exact statement of the items of cost or value of materials and labor as claimed to have been represented by the defendant to the plaintiff. The only attempt to comply with this requirement is a schedule of many dates with figures under the dollar sign opposite prefaced by the following: "At the following dates the amount of cost or value of materials and labor was stated to be in excess of the sums set opposite thereto." And that between January 7 and 15, 1908, "the amount of contracts," "the amount of the labor account," "the amount of incidental bills," and the amount of the defendant's commissions, were stated at sums specified in the bill of particulars.

[1] The plaintiff having acquiesced in the order for the bill of particulars, and not having been relieved therefrom on appeal or otherwise, the only question presented for decision is whether or not the bill of particulars served is a substantial compliance with the order. We deem it quite clear that it is not.

[2] The court by the order for the bill of particulars decided, among other things, that defendant was entitled to know what false representations plaintiff will claim he made with respect to the amounts demanded being more than defendant had paid or was to pay, or more than the reasonable value of the work or labor for which he was asking pay or reimbursement, and yet this bill of particulars jumbles labor, materials, and superintendence together and fails to specify a single item concerning which a false representation was made. If the plaintiff has any basis for its action, other than suspicion, it would seem that it should be able, particularly after having exhaustively examined the defendant, to furnish a bill of particulars that will enable defendant to prepare for trial and limit its proof upon the trial as contemplated by the order; and, if it cannot or does not, it subjects itself to having its proof limited by its failure to comply with the order, as provided in section 531 of the Code of Civil Procedure.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.